**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000486
11-AUG-2016
08:41 AM**

NO. CAAP-15-0000486

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


MORTEZA KHALEGHI and KAREN KHALEGHI,
Plaintiffs-Appellants,
v.
INDYMAC VENTURE, LLC; ONE WEST BANK, FSB;
Defendants-Appellees,
and
DOE DEFENDANTS 1-20; and DOE ENTITIES, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 15-1-0071)


MEMORANDUM OPINION
(By: Foley, Presiding J., Reifurth and Ginoza, JJ.)

Plaintiffs-Appellants Morteza Khaleghi and Karen Khaleghi (together, the **Khaleghis**) appeal from the "Amended Judgment" entered on June 24, 2015 in the Circuit Court of the Second Circuit[1] (**circuit court**).

On appeal, the Khaleghis contend the circuit court erred in:

(1) granting the Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 11 motion submitted by Defendants-Appellees Indymac Venture, LLC (**Indymac**) and One West Bank, FSB (together, **Appellees**);

(2) dismissing the Khaleghis' claims as a HRCP Rule 11

---

[1] The Honorable Rhonda I.L. Loo presided.

sanction;

(3) converting Appellees' HRCP Rule 11 motion into a HRCP Rule 12(b)(6) motion;

(4) concluding that the Khaleghis' claims were barred by res judicata and collateral estoppel;

(5) dismissing the Khaleghi's claims with prejudice;

(6) denying the Khaleghis an opportunity to file an amended complaint; and

(7) applying Hawai'i law instead of California law to the Khaleghis' deficiency judgment.

## I.  BACKGROUND[2]

The Khaleghis purchased real property on the island of Maui in April 2007 (**Property**).  The Khaleghis executed a note and mortgage with Indymac Bank, FSB (**Indymac Bank**) in connection with the purchase of the Property.  As the result of Indymac Bank's insolvency, some of Indymac Bank's assets, including the Khaleghis' note and mortgage, were assigned to Indymac around August 2009.

Around March 2009, the Khaleghis defaulted on their loan.  Indymac exercised its option to accelerate on the loan and demanded immediate repayment of the principal balance from the Khaleghis.

On July 15, 2009, Indymac filed an action for foreclosure on the Property.  The Khaleghis allege that they were not given adequate notice of the foreclosure action, and the circuit court entered summary judgment in favor of Indymac in the Khaleghis' absence.  The Khaleghis moved for relief from the judgment under HRCP Rule 60(b), but were denied relief.  On July 22, 2011, the Khaleghis filed an appeal from the circuit court's denial of their HRCP Rule 60(b) motion for relief and HRCP Rule 54(b)-certified judgment confirming the sale of the Khaleghis'

---

[2] We review the circuit court's dismissal of the Khaleghis' claims under HRCP Rule 12(b)(6), and as such, we take the allegations in the complaint as true.  See Blair v. Ing, 95 Hawai'i 247, 252, 21 P.3d 452, 457 (2001).  This factual background is taken primarily from the allegations in the Khaleghis' complaint.

2

foreclosed property.  <u>Indymac Venture, LLC v. Khaleghi</u>, CAAP-11-0000560, CAAP-11-0000843 at 1 (App. July 25, 2014) (SDO).  This court affirmed the circuit court's order and judgment.  <u>Id.</u> at 3.

On February 13, 2015, in the instant case the Khaleghis filed a separate complaint in circuit court alleging two claims of unfair and deceptive acts or practices under Hawaii Revised Statutes (**HRS**) § 480-2 (2008 Repl.)[3] and one claim of unjust enrichment.

In a letter dated March 16, 2015 sent to counsel for the Khaleghis, Appellees requested the dismissal of the Khaleghis' complaint pursuant to HRCP Rule 11.[4]

---

[3] HRS § 480-2(a) provides:

§480-2 **Unfair competition, practices, declared unlawful.**  (a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.

[4] HRCP Rule 11 provides, in pertinent part:

Rule 11.     SIGNING OF PLEADINGS, MOTIONS, AND OTHER PAPERS; REPRESENTATIONS TO THE COURT; SANCTIONS.

. . . .

(b) **Representations to court.**  By presenting to the court (whether signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(c) **Sanctions.**  If, after notice and a reasonable
(continued...)

3

On April 6, 2015, the Khaleghis filed their "First Amended Complaint," (**Amended Complaint**) which included only one count of unfair and deceptive acts or practices and the unjust enrichment claim.

On April 10, 2015, Appellees filed "Defendants Indymac Venture, LLC and OneWest Bank, N.A.'s Motion to Dismiss Plaintiff's First Amended Complaint with Prejudice Under Rule 11 or in the Alternative for Summary Judgment on all Claims, and for an Award of Sanctions" (**Appellees' HRCP Rule 11 Motion**). The circuit court held a hearing on their motion on April 30, 2015.

On May 13, 2015, the circuit court entered an order granting in part and denying in part Appellees' HRCP Rule 11 Motion. The circuit court granted Appellees' request to dismiss the Khaleghis' Amended Complaint with prejudice, stating, "As a procedural matter, the Court treats [Appellees' HRCP Rule 11] Motion as a motion to dismiss under HRCP Rule 12. Given the complicated and confusing document title, the Court feels that the best course of action would be to treat it as such." The circuit court then denied Appellees' request for sanctions.

The circuit court entered its judgment on May 26, 2015, and an amended judgment on June 24, 2015.

---

[4] (...continued)
> opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.
>
> (1) HOW INITIATED.
>
> (A) *By Motion.* A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

The Khaleghis filed their notice of appeal on June 25, 2015.

## II.  STANDARD OF REVIEW

### A.  HRCP Rule 11 Motion for Sanctions

"All aspects of a HRCP Rule 11 determination should be reviewed under the abuse of discretion standard."  Gap v. Puna Geothermal Venture, 106 Hawaiʻi 325, 331, 104 P.3d 912, 918 (2004) (quoting Canalez v. Bob's Appliance Serv. Ctr., Inc., 89 Hawaiʻi 292, 300, 972 P.2d 295, 303 (1999)).  "The trial court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Gap, 106 Hawaiʻi at 331, 104 P.3d at 918 (quoting Canalez, 89 Hawaiʻi at 299, 972 P.2d at 302).

### B.  HRCP Rule 12(b)(6) Motion to Dismiss

It is well settled that:

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. Ravelo v. [Cty.] of Hawaii, 66 Haw. 194, 198, 658 P.2d 883, 886 (1983) (quoting Midkiff v. Castle & Cooke, Inc., 45 Haw. 409, 414, 368 P.2d 887, 890 (1962)); Marsland v. Pang, 5 Haw. App. 463, 474, 701 P.2d 175, 185-86, cert. denied, 67 Haw. 686, 744 P.2d 781 (1985). We must therefore view a plaintiff's complaint in a light most favorable to him or her in order to determine whether the allegations contained therein could warrant relief under any alternative theory. Ravelo, 66 Haw. at 199, 658 P.2d at 886. For this reason, in reviewing a circuit court's order dismissing a complaint[,] our consideration is strictly limited to the allegations of the complaint, and we must deem those allegations to be true. Au v. Au, 63 Haw. 210, 214, 626 P.2d 173, 177 (1981).

Baehr v. Lewin, 74 Haw. 530, 545, 852 P.2d 44, 52, reconsideration granted in part and denied in part, 74 Haw. 650, 875 P.2d 225 (1993).

Blair, 95 Hawaiʻi at 252, 21 P.3d at 457 (brackets omitted) (quoting Touchette v. Ganal, 82 Hawaiʻi 293, 297-98, 922 P.2d 347, 351-52 (1996)).

## III.  DISCUSSION

The Khaleghis make a number of arguments related to whether Appellees complied with HRCP Rule 11 and whether HRCP Rule 11 permitted the court to dismiss the Khaleghis' claims.

5

However, because the circuit court treated Appellees' HRCP Rule 11 Motion as an HRCP Rule 12(b)(6)[5] motion, we address first the Khaleghis' contention that the circuit court improperly converted Appellees' HRCP Rule 11 Motion.[6]

The Khaleghis argue that there was no authority for the circuit court to treat an HRCP Rule 11 motion as a motion to dismiss under HRCP Rule 12(b)(6). In addressing the conversion, the circuit court cited no authority and stated simply, "As a procedural matter, the Court treats [Appellees' HRCP Rule 11] Motion as a motion to dismiss under [HRCP] Rule 12. Given the complicated and confusing document title, the Court feels that the best course of action would be to treat it as such."

---

[5] HRCP Rule 12(b)(6) provides:

> Rule 12.    DEFENSES AND OBJECTIONS -- WHEN AND HOW PRESENTED -- BY PLEADING OR MOTION -- MOTION FOR JUDGMENT ON THE PLEADINGS.
>
>    . . . .
>
>    (b) How presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted[.] . . . A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert at the trial any defense in law or fact to that claim for relief. If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

[6] Appellees argue that the Khaleghis did not object to the circuit court's treatment of Appellees' HRCP Rule 11 Motion as an HRCP Rule 12 motion to dismiss, but the transcript of the hearing indicates that the circuit court announced its intention to treat Appellees' motion as an HRCP Rule 12 motion to dismiss at the end of the hearing without providing the Khaleghis an opportunity to object. Until the circuit court announced its ruling, neither party had addressed whether Appellees' motion should be treated as an HRCP Rule 12 motion to dismiss.

Appellees suggest the circuit court was within its discretion to treat their motion as a HRCP Rule 12(b)(6) motion. Appellees cite Madden v. Madden, 43 Haw. 148 (Haw. Terr. 1959) for the proposition that "the substance rather than the label of the motion controls as long as the opposing party is put on notice of the issues and given a chance to respond." See id. at 149-50 ("Under the rules, the substance of the pleading controls, not the nomenclature given to the pleading."); see also Tanaka v. Dep't of Hawaiian Home Lands, 106 Hawai'i 246, 251, 103 P.3d 406, 411 (App. 2004) ("It is true that it is the substance of the pleading that controls, not its nomenclature." (citing Anderson v. Oceanic Props., Inc., 3 Haw. App. 350, 355, 650 P.2d 612, 617 (1982))).

In Appellees' HRCP Rule 11 Motion, Appellees requested an order dismissing the Khaleghis' Amended Complaint with prejudice on the grounds that the Khaleghis "asserted frivolous claims in the [Amended] Complaint. [The Khaleghis] have no objective factual or legal basis for the claims." Appellees argued that the Khaleghis' claims for unfair and deceptive practices and unjust enrichment "are frivolous as they are without question precluded by the doctrines of res judicata and collateral estoppel." Appellees described the Khaleghis' complaint as "a frivolous and shameless attempt to re-litigate claims and defenses that were already finally decided in [Indymac's] 2009 foreclosure action[.]"

The Khaleghis' opposition motion recognized that Appellees' HRCP Rule 11 Motion should have been brought under HRCP Rule 12 as a motion to dismiss, but given the nature of the motion focused on the procedure required by HRCP Rule 11 and the standard set by HRCP Rule 11. The Khaleghis argued that their claims were not frivolous by attacking Appellees' res judicata and collateral estoppel defenses. The Khaleghis' opposition highlighted the purpose of HRCP Rule 11, stating, "[HRCP] Rule 11 is designed to prevent the filing of a complaint without a prerequisite investigation into both the law and the facts."

7

The parties' arguments to the circuit court were focused on whether res judicata and collateral estoppel so obviously barred the Khaleghis' claims that these claims were frivolous and sanctionable under HRCP Rule 11. In contrast, the circuit court evaluated and resolved Appellees' HRCP Rule 11 Motion on the sufficiency of the Khaleghis' claims to support entitlement to relief. In large part, the circuit court dismissed the Khaleghis' claims as barred by res judicata,[7] but the circuit court also dismissed parts of the Khaleghis' complaint without having given the Khaleghis an opportunity to defend their allegations. For example, the circuit court stated, "[The Khaleghis allege that they] were entitled to notice that they may be subject to a deficiency judgment. The Court finds that these statements to be conclusory allegations and cannot support a claim for which relief can be granted." The circuit court dismissed another allegation in the Khaleghis' complaint, stating, "[The Khaleghis'] contention that the fair market value of the property is $3.4 million is a legal conclusion and not accepted as true." Finally, the circuit court summarily dismissed the Khaleghis' remaining allegations, stating, "The Court further rules that [the Khaleghis'] remaining allegations fail to support a claim for which relief can be granted. These allegations fail to state, with specificity, any conduct or supporting facts that support a claim for relief."

While we agree that it is the substance of a motion that should control rather than the title of the motion, in this case, the substance of Appellees' HRCP Rule 11 Motion for

---

[7] We note that while HRCP Rule 12(b)(6) motions are typically limited to the allegations contained in the pleadings, in some cases, a court may properly dismiss a claim under HRCP Rule 12(b)(6) for failure to state a claim where the claim is barred by res judicata or collateral estoppel. See Blair, 95 Hawaiʻi at 252, 21 P.3d at 457 ("[O]ur consideration is strictly limited to the allegations of the complaint, and we must deem those allegations to be true." (quoting Baehr, 74 Haw. at 545, 852 P.2d at 52)); but cf. Caires v. Kualoa Ranch, Inc., 6 Haw. App. 52, 55 n.4, 708 P.2d 848, 850 n.4 (1985) ("Where the defense of res judicata 'appears on the face of the complaint or from the taking of judicial notice or prior interrelated proceedings which are alluded to in the complaint, such defense may be raised by a motion to dismiss under [HRCP] Rule 12(b)(6).'" (quoting Ellis v. Crockett, 51 Haw. 45, 55, 451 P.2d 814, 821 (1969))).

sanctions was substantially different than an HRCP Rule 12(b)(6) Motion to dismiss. The Khaleghis did not have an adequate opportunity to defend the sufficiency of the allegations in their Amended Complaint before the circuit court announced its intention to treat Appellees' motion as a motion to dismiss. The circuit court abused its discretion in treating Appellees' HRCP Rule 11 Motion for sanctions as an HRCP Rule 12(b)(6) motion to dismiss. Because we vacate and remand on these grounds, we need not address the Khaleghis' other contentions on appeal.

### IV. CONCLUSION

Therefore, the "Amended Judgment" entered on June 24, 2015 in the Circuit Court of the Second Circuit is vacated and this case is remanded for proceedings consistent with this opinion.

DATED: Honolulu, Hawai'i, August 11, 2016.

On the briefs:

James J. Bickerton
Stephen M. Tannenbaum
(Bickerton ■ Dang)
for Plaintiffs-Appellants.

Craig K. Shikuma
Jesse W. Schiel
(Kobayashi Sugita & Goda)
for Defendants-Appellees.

Presiding Judge

Associate Judge

Associate Judge

9